PEOPLE v ACOFF

Docket No. 169966. Submitted November 5, 1996, at Detroit. Decided
December 13, 1996, at 9:00 A.M.

Levi Acoff, Jr., was convicted by a jury in the Saginaw Circuit Court,
Fred J. Borchard, J., of possession of less than twenty-five grams of
cocaine and was sentenced to imprisonment of four to eight years.
The conviction and sentence were preceded by the civil forfeiture
of Acoff's car, money, food stamps, and wristwatch pursuant to the
controlled substances provisions of the Public Health Code, MCL
333.7521 et seq.; MSA 14.15(7521) et seq. The defendant appealed.

The Court of Appeals held:

1. The defendant's claim of double jeopardy is without merit. A
civil forfeiture proceeding in rem is generally not punishment, and
a criminal conviction and sentence following a civil forfeiture ordi-
narily do not violate the Double Jeopardy Clauses of the United
States Constitution, US Const, Am V, and the Michigan Constitu-
tion, Const 1963, art 1, § 15, unless the clearest proof indicates that
the forfeiture is so punitive in purpose or effect that it is equivalent
to a criminal proceeding. There is no such proof in this case.

2. The defendant's consent for the search of his automobile by
the police, which consent was given while the defendant was the
subject of a stop and frisk, was voluntary. A stop and frisk is not
inherently coercive in nature.

3. There was evidence to support the trial court's scoring of
Offense Variables 8 and 16 of the sentencing guidelines. The
defendant's challenge of the scoring of these variables is without
merit.

Affirmed.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — CRIMINAL CONVICTIONS — DRUG
FORFEITURES.

A criminal conviction and sentence following a civil forfeiture, all
under the controlled substances provisions of the Public Health
Code, do not violate double jeopardy unless the clearest proof indi-
cates that the forfeiture is so punitive in purpose or effect as to be
equivalent to a criminal proceeding (MCL 333.7521 et seq.; MSA
14.15[7521] et seq.; US Const, Am V; Const 1963, art 1, § 15).

2. SEARCHES AND SEIZURES — STOP AND FRISK — CONSENT TO SEARCH.

> A stop and frisk of a person by the police is not inherently coercive in nature; a person who consents to a search of personal property while the subject of a stop and frisk has voluntarily consented to the search of the property.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *Catherine Langevin Semel*, Assistant Prosecuting Attorney, for the people.

*Larry R. Kipke*, for the defendant on appeal.

Before: HOEKSTRA, P.J., and SAWYER and T. P. PICKARD,* JJ.

HOEKSTRA, P.J. Following a jury trial, defendant was convicted of possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)(v); MSA 14.15 (7403)(2)(a)(v), and was sentenced to four to eight years' imprisonment. He appeals as of right his conviction and the sentencing court's scoring of Offense Variable (OV) 8 and OV 16. We affirm.

Defendant first argues that his conviction of possession of a controlled substance following the civil forfeiture of his car, $32, $17 in food stamps, and a wristwatch pursuant to MCL 333.7521 *et seq.*; MSA 14.15(7521) *et seq.* violated the Double Jeopardy Clauses of the United States Constitution, US Const, Am V, and the Michigan Constitution, Const 1963, art 1, § 15. We disagree. The double jeopardy provisions contained in the federal and state constitutions are intended to protect citizens from suffering multiple punishments and successive prosecutions for the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

same offense. *People v White*, 212 Mich App 298, 305; 536 NW2d 876 (1995).

Defendant claims that his criminal conviction following the civil forfeiture of his property pursuant to statute violated his right to be free from multiple punishments. In support of his argument, defendant relies upon *United States v Ursery*, 59 F3d 568 (CA 6, 1995), a case in which the Sixth Circuit Court of Appeals determined that a civil forfeiture, coupled with a criminal conviction arising out of the same criminal transaction, constituted a violation of double jeopardy principles. However, after defendant's supplemental brief was filed, the United States Supreme Court reversed that decision and clarified that civil in rem forfeitures[1] are generally not "punishment" and, therefore, a criminal conviction and sentence following a civil forfeiture ordinarily do not violate the Double Jeopardy Clause of the United States Constitution. *United States v Ursery*, 518 US ___; 116 S Ct 2135; 135 L Ed 2d 549 (1996). The Court stated that although in rem civil forfeitures are not per se exempt from the scope of the Double Jeopardy Clause, the fact that a forfeiture is designated as civil and proceeds in rem establishes a presumption that is not subject to double jeopardy analysis unless the "clearest proof" indicates that the in rem forfeiture is "so punitive either in purpose or effect" as to be equivalent to a criminal proceeding. *Ursery*, 135 L Ed 2d 569, n 3.

---

[1] Michigan's forfeiture law pertaining to controlled substances, MCL 333.7521 *et seq.*; MSA 14.15(7521) *et seq.*, is modeled after its federal counterpart, 21 USC 881, the statute at issue in *Ursery*. See *In re Forfeiture of $5,264*, 432 Mich 242, 257; 439 NW2d 246 (1989). Therefore, we believe the analysis contained in *Ursery* is equally applicable to the statute at issue in this case.

Given the United States Supreme Court's opinion in *Ursery*, we believe the test[2] to be applied to the instant case, involving a criminal conviction following a civil forfeiture under MCL 333.7521 *et seq.*; MSA 14.15 (7521) *et seq.*, is whether defendant has presented the "clearest proof" indicating that the forfeiture is "so punitive in purpose or effect" that it is equivalent to a criminal proceeding. Because forfeitures under MCL 333.7521 *et seq.*; MSA 14.15(7521) *et seq.*, are in rem civil proceedings, see *In re Forfeiture of $18,000*, 189 Mich App 1; 471 NW2d 628 (1991), we begin with a presumption that double jeopardy analysis does not apply. This presumption can be rebutted only by the "clearest proof" of an excessive punitive purpose or effect. Here, because there is no evidence, let alone the "clearest proof," indicating that the instant forfeiture was so punitive in form or effect as to render it criminal, *Ursery*, 135 L Ed 2d 569, n 3, we find defendant's double jeopardy claims to be without merit.

Defendant next argues that the trial court erred in determining that he voluntarily consented to the police search of his automobile and in refusing to suppress evidence found in the automobile. On appeal, defendant concedes that he consented to the search, but argues that his consent was involuntary because it was given while he was in police custody

---

[2] We recognize that this Court has previously discussed civil forfeitures under this same statute and applied a slightly different test in *People v Hellis*, 211 Mich App 634; 536 NW2d 587 (1995). Because that decision was released before *Ursery* and addressed only a challenge to double jeopardy under the federal constitution, see *Hellis, supra* at 640, n 3, we believe it to be no longer authoritative with regard to this issue. Accordingly, in deciding this case, we have followed the analysis set forth in *Ursery*.

and, therefore, was the product of coercion. We disagree. The evidence indicates that after defendant got out of his car at the officers' request, he was patted down for weapons and asked if there were any drugs or weapons in the car. Defendant then consented to a search of his car and was placed in the back of the patrol car. On the basis of the foregoing, it is clear that at the time he consented to the search, defendant was merely the subject of a *Terry*[3]-type stop and frisk. The United States Supreme Court has noted that *Terry* stops are not inherently coercive in nature. *Berkemer v McCarty*, 468 US 420, 437-439; 104 S Ct 3138; 82 L Ed 2d 317 (1984). Therefore, we are not persuaded that defendant's consent here was involuntary. We have examined defendant's remaining challenges to the search at issue and find that they are likewise without merit.

Finally, defendant challenges the scoring of OV 8 and OV 16. We find that these claims must fail and the scoring decisions must be upheld because there was evidence to support the scores. *People v Haacke*, 217 Mich App 434, 435; 553 NW2d 15 (1996).

Affirmed.

---

[3] Terry v Ohio, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).