PEOPLE v EVERARD

Docket No. 186497. Submitted May 14, 1997, at Lansing. Decided September 16, 1997, at 9:25 A.M.

William C. Everard pleaded guilty in the Oakland Circuit Court to charges of operating a chop shop and possession of stolen property. The court, Robert C. Anderson, J., sentenced him to two years' probation and ordered him to pay restitution. The prosecutor then began forfeiture proceedings, and the trial court entered an order of forfeiture. The trial court subsequently granted the defendant's motion to withdraw his guilty plea and entered an order setting aside the convictions. An order was entered staying the obligation to pay restitution and enjoining the sale of the forfeited property. The defendant then entered into a *Cobbs* plea agreement, *People v Cobbs*, 443 Mich 276 (1993), whereby he pleaded guilty with regard to the chop shop charge only. At sentencing, the court denied the defendant's request to withdraw his plea and sentenced the defendant to one to five years' imprisonment. The court also entered an order of forfeiture against the property used in the chop shop. The defendant appealed.

The Court of Appeals *held*:

1. The one- to five-year sentence did not exceed the sentence stated in the court's preliminary evaluation regarding an appropriate sentence. The record does not support the defendant's claims that he did not understand his plea or was denied an opportunity to speak with his attorney. The fact that the defendant was ordered to serve his sentence in prison concurrently with a prison sentence from another case rather than in a county jail is not a valid ground for withdrawing his plea. The trial court properly denied the request to withdraw the plea.

2. The defendant waived any statute of limitations defense regarding the forfeiture proceedings. A prosecutor must commence a forfeiture pursuant to MCL 750.535a(5); MSA 28.803(1)(5) without undue delay. There was no undue delay in this case. The order of forfeiture must be affirmed.

3. The forfeiture order did not become void when the defendant withdrew his original guilty plea. The defendant's withdrawal of his original guilty plea had no effect on the court's prior finding that

the forfeited property had been used in a chop shop. The order enjoining the sale of the forfeited property was lifted when the court accepted the second guilty plea and reconvicted the defendant of violating the chop shop statute.

4. The forfeiture and the sentence for the chop shop conviction do not constitute multiple punishments in violation of the Double Jeopardy Clauses of the United States and Michigan Constitutions. The forfeiture of property used in a chop shop does not constitute punishment for purposes of the Double Jeopardy Clauses. Civil forfeitures do not constitute punishment for double jeopardy purposes.

Affirmed.

1. CRIMINAL LAW — SENTENCE AGREEMENTS.

A defendant who pleads guilty in reliance on a judge's preliminary evaluation regarding an appropriate sentence has an absolute right to withdraw the plea if the judge later decides to sentence the defendant to a term that exceeds the preliminary evaluation; the question whether the sentence exceeds the preliminary evaluation is one of fact that is reviewed for clear error.

2. CRIMINAL LAW — LIMITATION OF ACTIONS — DEFENSES — WAIVER.

A statute of limitations defense is a waivable affirmative defense in both civil and criminal cases.

3. FORFEITURES AND PENALTIES — CHOP SHOPS — LIMITATION OF ACTIONS.

Property used in a chop shop is subject to forfeiture under the chop shop statute, but only after the person operating the chop shop is convicted of operating a chop shop; a prosecutor must commence the forfeiture proceeding without undue delay; the lapse of time between the conviction of operating a chop shop and the commencement of the forfeiture proceeding is properly considered in determining the timeliness of a forfeiture proceeding (MCL 750.535a[2],[5]; MSA 28.803[1][2],[5]).

4. FORFEITURES AND PENALTIES — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — CHOP SHOPS.

Forfeiture proceedings are in rem civil proceedings; civil forfeitures generally do not constitute punishment for double jeopardy purposes; the forfeiture of property used in a chop shop following a conviction of operating a chop shop does not constitute punishment for double jeopardy purposes (US Const, Am V; Const 1963, art 1, § 15; MCL 750.535a[2],[5]; MSA 28.803[1][2],[5]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prose-

cuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *J. Benjamin Dolan,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for the defendant on appeal.

Before: Neff, P.J., and Wahls and Taylor, JJ.

Wahls, J. Defendant pleaded guilty to a charge of operating a chop shop, MCL 750.535a(2); MSA 28.803(1)(2), and was sentenced to one to five years' imprisonment. The trial court also entered an order of forfeiture against property used in the chop shop. Defendant now appeals as of right.

Defendant is appealing his second guilty plea. Defendant originally pleaded guilty on February 20, 1992, to charges of operating a chop shop and possession of stolen property, MCL 750.535; MSA 28.803. He was sentenced to two years' probation and was ordered to pay restitution. The prosecutor then began forfeiture proceedings as authorized by the chop shop statute, MCL 750.535a(5); MSA 28.803(1)(5). The trial court entered an order of forfeiture on May 31, 1994. Defendant then moved to withdraw his original guilty plea on the ground that the plea agreement was illusory. The trial court granted defendant's motion on January 11, 1995, and entered an order to that effect on February 2, 1995.[1]

On February 13, 1995, the parties filed a stipulated and signed order staying defendant's obligation to pay

---

[1] After his original plea, defendant violated his probation and was sentenced to three to five years' imprisonment. The violation and sentence were essentially nullified when the trial court allowed defendant to withdraw his guilty plea with regard to the underlying offense. The probation violation proceedings are not at issue on appeal.

restitution and enjoining the sale of the forfeited property. This order recognized that defendant's chop shop conviction had been set aside when the court allowed him to withdraw his guilty plea. On April 7, 1995, defendant entered into a *Cobbs*[2] plea, whereby he pleaded guilty with regard to the chop shop charge only. At sentencing, defendant sought to withdraw his guilty plea. The trial court denied defendant's request and sentenced him to one to five years' imprisonment.

Defendant first argues that his one- to five-year sentence exceeded the sentence stated at the *Cobbs* plea and that the trial court therefore erred in denying his request to withdraw his plea. We disagree. A defendant who pleads guilty in reliance upon a judge's preliminary evaluation regarding an appropriate sentence has an absolute right to withdraw that plea if the judge later decides to sentence the defendant to a term that exceeds the preliminary evaluation. *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993). The question whether defendant's sentence exceeded the trial court's preliminary evaluation is one of fact. We review a trial court's findings of fact for clear error. *People v Swirles (After Remand)*, 218 Mich App 133, 136; 553 NW2d 357 (1996). A finding of fact is clearly erroneous if, after a review of the entire record, we are left with a definite and firm conviction that a mistake has been made. *Id.*

Here, defense counsel apparently approached the trial court about a *Cobbs* plea in chambers off the record. The trial court apparently made a preliminary evaluation regarding three aspects of defendant's

---

[2] People v Cobbs, 443 Mich 276; 505 NW2d 208 (1993).

potential sentence. First, the court apparently concluded that a conviction of the chop shop charge would warrant a sentence of twelve months or less. Second, the trial court apparently concluded that defendant should be permitted to serve this sentence concurrently with his sentence from another case. Finally, the trial court apparently concluded that defendant should pay up to $10,000 in additional restitution.

When defense counsel went on the record and explained the *Cobbs* plea as he and his client understood it, the prosecutor asked whether the court's reference to a twelve-month sentence referred to a minimum sentence. The following discussion made it absolutely clear that the trial court's preliminary evaluation referred to an indeterminate sentence with a minimum term of twelve months or less and a maximum term of up to five years. The trial court then questioned defendant regarding his understanding of his plea:

> *The Court*: What is your understanding of what [defense counsel] just put on the record concerning the Cobb's [sic] plea?
>
> *The Defendant*: You mean what is the actual Cobb's [sic] part of it or what is the plea that you hold in your hand?
>
> *The Court*: What's your understanding of it?
>
> *The Defendant*: It's what you just stated, Your Honor, the maximum is five years but we're talking about twelve years running concurrent.
>
> [*Defense counsel*]: Months.
>
> *The Defendant*: Twelve months, I'm sorry. Running concurrent with a ten thousand dollar cap as [defense counsel] put it on the restitution.

During further questioning regarding his rights, defendant asked to confer with his attorney and then said "I understand the Cobb's [sic] agreement, I believe, Your Honor." The trial court subsequently accepted defendant's guilty plea.

When defendant returned for sentencing, he sought to withdraw his guilty plea before the trial court made any statements regarding his sentence. Defendant made several claims. He argued: (1) that his "Cobbs agreement" was illusory; (2) that "[t]he guidelines were just thrown out;" (3) that he had not reviewed the plea with his attorney; (4) that.his plea "was not a knowing agreement;" (5) that he did not have a chance to discuss the plea with his attorney; (6) that additional witnesses should have testified and additional issues should have been discussed at his evidentiary hearing; and (7) that the trial court improperly predicated his sentence on another sentence he had already received from a different judge in a different case. The trial court accused defendant of "playing games" and denied his request to withdraw his plea. The court then sentenced him to one to five years' imprisonment.

On appeal, defendant simply claims that he was "actually and reasonably confused" regarding the length of his sentence based on the trial court's preliminary evaluation and that he should have been permitted to withdraw his plea on that basis. Defendant's contention is not supported by the record. Defendant was present when his attorney and the trial court discussed the length of his sentence. Defendant indicated that he understood his potential sentence and the *Cobbs* plea. Defendant stopped the proceedings at one point to ask his attorney a question. Defendant

cannot now claim that he did not understand his plea or was denied the opportunity to speak with his attorney. It appears that defendant simply changed his mind between the date of his plea and the date for sentencing. This was not a valid basis for withdrawing his plea.

Defendant also argues that he expected to be ordered to serve his sentence in the county jail, rather than in prison. Defendant cites no authority for the proposition that a twelve-month prison sentence somehow exceeds a twelve-month county jail sentence. In any event, defendant specifically requested that he be allowed to serve his sentence concurrently with his prison sentence from another case. Clearly, defendant could be under no illusion that he would serve his concurrent sentences in the county jail. Thus, the fact that defendant was ordered to serve his sentence in prison did not constitute a valid ground for withdrawing his plea. Finally, defendant's sentence of one to five years was clearly consistent with the trial court's preliminary evaluation. Thus, the trial court properly denied defendant's request to withdraw his plea.

Defendant next argues that he is entitled either (1) to return of the forfeited property, (2) to the proceeds from its sale, or (3) to have his chop shop conviction vacated. He argues that the forfeiture proceeding was untimely and that his conviction after the forfeiture violates double jeopardy. We disagree. As an initial matter, we note that defendant failed to raise these issues below. A statute of limitations defense is a waivable affirmative defense in both civil and criminal cases. *Palenkas v Beaumont Hosp*, 432 Mich 527, 551; 443 NW2d 354 (1989); *People v Kurzawa*, 202

Mich App 462, 465-467; 509 NW2d 816 (1993). Thus, defendant has waived any statute of limitations defense. Even if defendant had preserved the statute of limitations issue, we would conclude that it is without merit.

The forfeiture subsection of the chop shop statute provides in part:

> All of the following are subject to seizure and, if a person is charged with a violation or attempted violation of subsection (2) and is convicted of a violation or attempted violation of subsection (2) or section 415, 416, 535, or 536a, all of the following are subject to forfeiture. . . . [MCL 750.535a(5); MSA 28.803(1)(5).]

The statute goes on to enumerate the types of property subject to forfeiture.

Defendant first argues that the original forfeiture was not commenced in a timely manner. He argues that the prosecution failed to schedule a hearing pursuant to MCL 750.535a(9); MSA 28.803(1)(9) and that the forfeiture action was barred by the statute of limitations. MCL 750.535a(9); MSA 28.803(1)(9) deals with seizures and provides as follows:

> If property is seized without process under subsection (6), within 14 days after the seizure, the seizing agency shall return the property to the person from whom it was seized unless a hearing has been scheduled to determine whether the seizure was proper and reasonable notice of the hearing has been given.

Because this provision deals with seizures, rather than forfeitures, it is inapplicable here. This provision might have entitled defendant to possession of the forfeited property during the pendency of the forfei-

ture proceedings,[3] but it does not entitle him to any relief after the order of forfeiture was entered.

Defendant next points to the statute of limitations set out in MCL 600.5809; MSA 27A.5809, which reads, in part:[4]

(1) A person shall not bring or maintain an action to enforce noncontractual money obligations unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

(2) The period of limitations is 2 years for actions for the recovery of a penalty or forfeiture based on a penal statute brought in the name of the people of this state.

This statute deals with the "recovery of a . . . forfeiture," not the forfeiture itself. Thus, the two-year period of limitation does not apply here.

In the absence of any applicable statute of limitation, we recognize the need to impose some limitation in order to protect a defendant's due process rights. See *In re Forfeiture of Cash & Gambling Paraphernalia*, 203 Mich App 69, 72; 512 NW2d 49 (1993); *Dep't of Natural Resources v Parish*, 71 Mich App 745, 749-750; 249 NW2d 163 (1976). Applying the logic applied in *Parish*, we conclude that a prosecutor must commence a forfeiture pursuant to MCL 750.535a(5); MSA 28.803(1)(5) without undue delay. The panel in *Parish* identified several factors that a trial court must consider in determining whether a forfeiture was commenced in a timely manner, includ-

---

[3] Defendant argues that the prosecution never scheduled the hearing required under subsection 9, while the prosecution alleges that it did. We need not address this issue.

[4] This statute has been amended since the time of the forfeiture in this case. However, the substantive provisions of the statute are unchanged.

ing: (1) the lapse of time between the seizure and the filing of the complaint; (2) the reason for the delay; (3) the resulting prejudice to the defendant; and (4) the nature of the property seized. *Parish, supra* at 750. The chop shop statute permits a forfeiture of property used in the operation of a chop shop, but only after the operator of the chop shop has been convicted of operating a chop shop. Thus, a trial court considering the timeliness of a forfeiture proceeding initiated pursuant to that statute should consider the lapse of time between the conviction and the commencement of the forfeiture, rather than the lapse of time between the seizure and the commencement of the forfeiture.

Here, defendant has not alleged any prejudice resulting from the alleged delay in the commencement of the forfeiture. Indeed, because defendant did not raise this issue below, there is no conclusive evidence to establish the exact length or cause of the delay. On this record, we would not find undue delay, and we affirm the trial court's forfeiture order.

Next, defendant argues that the forfeiture order became void when he withdrew his original guilty plea. We disagree. The situation here is analogous to those cases where a defendant is convicted as an habitual offender, but his underlying conviction is later reversed. In those cases, we have held that a defendant who is reconvicted of the underlying charge need not be retried on the habitual offender charge.[5] *People v Hatfield (On Remand)*, 182 Mich

---

[5] We recognize that defendants are no longer entitled to a jury trial on an habitual offender charge.

App 384, 387; 451 NW2d 634 (1990); *People v Wilkins*, 115 Mich App 153, 154-155; 320 NW2d 326 (1982).

Here, when defendant withdrew his guilty plea, his convictions were set aside, and the trial court properly enjoined the sale of the forfeited property. However, the factual determinations necessary to support the forfeiture were never set aside. Put differently, defendant's withdrawal of his guilty plea had no effect on the trial court's prior finding that the forfeited property had been used in a chop shop. Thus, all that was necessary to empower the court to lift the stay of sale was defendant's reconviction on the chop shop charge. See *Hatfield, supra* at 387; *Wilkins, supra* at 155. Under the circumstances of this case, we conclude that the order enjoining the sale of the forfeited property was lifted when the trial court accepted defendant's guilty plea and reconvicted him of violating the chop shop statute.

Defendant also argues that the forfeiture and his sentence for the chop shop conviction constitute multiple punishments in violation of the Double Jeopardy Clauses of the United States and Michigan Constitutions. US Const, Am V; Const 1963, art 1, § 15. We disagree. Defendant did not waive this claim, despite his guilty plea. *People v Artman*, 218 Mich App 236, 244; 553 NW2d 673 (1996), lv pending. Although defendant did not raise this issue below, we will address it because it involves an important constitutional claim. *Id.*

While the Double Jeopardy Clauses prohibit successive or multiple punishments for the same offense, a defendant may still be subject to both criminal and civil sanctions for the same act. *Id.* at 245. In Michigan, forfeiture proceedings are in rem civil proceed-

ings and the government has the burden of proving its case by a preponderance of the evidence. *In re Forfeiture of $15,232*, 183 Mich App 833, 836; 455 NW2d 428 (1990). Generally, civil forfeitures do not constitute punishment for purposes of the Double Jeopardy Clauses. *In re Forfeiture of $25,505*, 220 Mich App 572, 583; 560 NW2d 341 (1996), lv pending; *United States v Ursery*, 518 US ___; 116 S Ct 2135, 2138; 135 L Ed 2d 549, 557 (1996).

Here, we conclude that the forfeiture of property used in a chop shop does not constitute punishment for purposes of the Double Jeopardy Clauses. The forfeiture provision of the chop shop statute serves the important nonpunitive goal of encouraging property owners to take care in managing their property and ensures that they will not permit that property to be used for illegal purposes. See *Ursery, supra,* 116 S Ct 2148; 135 L Ed 2d 569. In addition, we discern nothing about this particular statute that would except it from the general rule that civil forfeitures do not constitute punishment for double jeopardy purposes. Thus, we conclude that the forfeiture in this case does not implicate the Double Jeopardy Clauses of the United States and Michigan Constitutions.

Affirmed.