SMITH v CLIFFS ON THE BAY CONDOMINIUM ASSOCIATION
(ON REMAND)

Docket No. 199498. Submitted December 12, 2000, at Detroit. Decided
March 13, 2001, at 9:05 A.M. Leave to appeal sought.

Earl D. and Suzanne C. Smith brought an action in the Washtenaw
Circuit Court against the Cliffs on the Bay Condominium Associa-
tion, seeking to quiet title in certain real property that the plaintiffs
obtained in a tax sale. The court, Timothy P. Connors, J., granted
summary disposition for the plaintiffs and dismissed a counter-
claim brought by the defendant, finding that the defendant received
adequate notice of the tax sale of the property. The defendant
appealed. The Court of Appeals reversed the order granting sum-
mary disposition, granted summary disposition in favor of the
defendant, and vacated the order that dismissed the defendant's
counterclaim. 226 Mich App 245 (1997). The Court of Appeals
found that the defendant had not received adequate notice of the
tax sale and related redemption periods. The Supreme Court, in
lieu of granting leave to appeal, reversed the judgment of the Court
of Appeals and reinstated the judgment of the circuit court in favor
of the plaintiffs, finding that the defendants had received sufficient
notice. 463 Mich 420 (2000). The Supreme Court also remanded the
matter to the Court of Appeals for consideration of certain other
claims raised by the defendant that were not decided in the prior
opinion of the Court of Appeals.

On remand, the Court of Appeals *held*:

1. Despite the fact that the notice of hearing regarding the tax
sale contained a typographical error in its detailed description of
the property (designating "Section 4" instead of "Section 14"), the
notice, in the hands of an interested party of ordinary intelligence,
would have served to identify the property at issue with reasonable
certainty. The inadvertent omission of one of the digits in the num-
ber 14 was a defect, but it was not fatal.

2. If the trial court applied the doctrine of laches, regardless of
whether its ruling was in error, any error was harmless.

Affirmed.

PROPERTY — TAX SALE — NOTICE.

A typographical error in a thorough, detailed description of a parcel of land that is to be the subject of a tax sale will not render the notice of sale invalid if the notice, in the hands of an interested party of ordinary intelligence, would serve to identify the property at issue with reasonable certainty (MCL 211.61a).

*Reach & Hollenshead* (by *Ian James Reach*), for the plaintiffs.

*Meisner & Associates, P.C.* (by *Robert M. Meisner*), for the defendant.

ON REMAND

Before: SAAD, P.J., and HOLBROOK, JR., and O'CONNELL, JJ.

O'CONNELL, J. We review this case on remand from our Supreme Court, which, in lieu of granting leave to appeal, reversed our earlier opinion in this matter and remanded the matter to us for consideration of claims raised by the defendant but not discussed in our prior opinion. The Supreme Court held that while defendant did not receive actual notice of a tax sale with respect to a parcel of its land, notice mailed to defendant's last known (but outdated) address complied with the minimum requirements of procedural due process. *Smith v Cliffs on the Bay Condominium Ass'n*, 463 Mich 420, 427-431; 617 NW2d 536 (2000). The facts of this case were amply set forth in this Court's earlier opinion, *Smith v Cliffs on the Bay Condominium Ass'n*, 226 Mich App 245; 573 NW2d 296 (1997), as well as that of the Supreme Court, and we do not reiterate them here. We affirm.

Defendant asserts that an erroneous description of the property contained in the notice of hearing, even

if it had actually reached defendant, would not have provided defendant with legal notice because defendant had no interest in the property described in the notice. Defendant cites the Department of Treasury's subsequent correction of the error, in an affidavit recorded with the register of deeds, as proof of the seriousness of the mistake.

Pursuant to MCL 211.61a, defendant was entitled to notice that a parcel of its land was to be the subject of an annual tax sale, as well as a description of the land at issue. As our Supreme Court noted in *Thompson v Auditor General*, 261 Mich 624, 652; 247 NW 360 (1933):

> Such foreclosure is a proceeding *in rem*, against the land itself,—and it is the holding of the courts of this country that valid notice which must describe with reasonable certainty the lands to be sold, must be given before sale, and that any statute which provides for the sale of lands for delinquent taxes which fails to provide for description of the particular lands to be sold is repugnant to the Constitution, because it may deprive the owner of his property without due process of law.

In the present case, the notice of hearing included a thorough, detailed description of the property in question, and the only error was the designation of "Section 4," instead of "Section 14." Despite this typographical error, the challenged notice, in the hands of an interested party of ordinary intelligence, would have served to identify the property at issue with reasonable certainty. Therefore, while the inadvertent omission of one of the digits in the number 14 was a defect, it was not fatal. See *Jackson v Mason*, 143 Mich 355, 357; 106 NW 1112 (1906) (description with omission of decimal point nevertheless valid). See

also *Mann v Carson,* 120 Mich 631, 636; 79 NW 941 (1899).

Defendant also argues that the trial court erred in applying the doctrine of laches. According to defendant, the application of laches here required factual findings, precluding summary disposition. As an initial matter, we note that the trial court only hinted at the doctrine of laches, remarking that "after this very, very late date suddenly now someone wants to come in and claim that they have the right to redeem." Assuming that the trial court did apply laches, which is doubtful, we need not determine whether its ruling was in error. Our Supreme Court rejected the merits of defendant's due process argument, and we do so today with respect to the property description issue. Therefore, because defendant's claims of error are without merit, if the trial court improperly applied the doctrine of laches, any error was harmless.

Affirmed.