Per Curiam.
 

 We granted respondents, the Michigan Department of Treasury and June Summers Haas, Commissioner of Revenue, leave to appeal an order regarding procedure. We affirm and hold that further proceedings are governed by chapter two of the Michigan Court Rules.
 

 Tobacco products belonging to petitioners, Keweenaw Bay Outfitters & Trading Post, Kerry Var-
 
 *97
 
 line, and Jerry Magnant, were seized by the Michigan State Police because there was no tax stamp affixed to the products. After an administrative hearing authorized by MCL 205.429(3), Haas ordered that the products be forfeited to the state of Michigan, and petitioners appealed to the circuit court. The court asked the parties for briefs on what procedural rules should control the proceedings. Petitioners argued that MCR 7.105(B)(1) and MCL 205.429 controlled and that they were entitled to discovery, motion practice, and possibly a trial. Respondents argued that MCR 7.101 controlled and that the parties need only submit appellate briefs. The circuit court agreed with petitioners and this appeal followed.
 

 Respondents argue that the circuit court erred in ordering that its proceedings were governed by chapter two of the Michigan Court Rules rather than the provisions of MCR 7.101. We disagree. Court rule interpretation and statutory construction present questions of law that we review de novo.
 
 Rafferty v Markovitz,
 
 461 Mich 265, 270; 602 NW2d 367 (1999). This Court begins a consideration of statutory construction by examining the plain language of the statute.
 
 Sun Valley Foods Co v Ward,
 
 460 Mich 230, 236; 596 NW2d 119 (1999). To determine whether ambiguity exists, the statutory language is read in context.
 
 Id.
 
 at 237. Unambiguous language precludes judicial construction.
 
 Frankenmuth Mut Ins Co v Marlette Homes, Inc,
 
 456 Mich 511, 515; 573 NW2d 611 (1998). When an ambiguity is present, however, the intent of the Legislature must be put into effect by reasonably construing the statute, considering its purpose and the object it seeks to accomplish.
 
 Id.
 

 
 *98
 
 The Tobacco Products Tax Act (tpta) is set forth in MCL 205.421
 
 et seq.
 
 Section 9 of the tpta authorizes the seizure of tobacco products under certain circumstances. It reads, in relevant part, as follows:
 

 (1) A tobacco product held, owned, possessed, transported, or in control of a person in violation of this act. . . [is] contraband and may be seized and confiscated by the department as provided in this section.
 

 (3) As soon as possible, but not more than 5 business days after seizure of any alleged contraband, the person making the seizure shall deliver personally or by registered mail to the last known address of the person from whom the seizure was made, if known, an inventory statement of the property seized. . . . The inventory statement shall also contain a notice to the effect that unless demand for hearing as provided in this section is made within 10 business days, the designated property is forfeited to the state. . . . Within 10 business days after the date of service of the inventory statement. . . the person from whom the property was seized or any person claiming an interest in the property may by registered mail, facsimile transmission, or personal service file with the commissioner a demand for a hearing before the commissioner or a person designated by the commissioner for a determination as to whether the property was lawfully subject to seizure and forfeiture. . . . Upon receipt of a request for hearing, the department shall hold the hearing within 15 business days. The hearing is not a contested case proceeding and is not subject to the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328. After the hearing, the department shall render its decision in writing within 10 business days of the hearing and, by order, shall either declare the seized property subject to seizure and forfeiture, or declare the property returnable in whole or in part to the person entitled to possession. . . .
 

 (4) If a person is aggrieved by the decision of the department, that person may appeal to the circuit court of the
 
 *99
 
 county where the seizure was made
 
 to obtain a judicial determination of the lawfulness of the seizure and forfeiture. . . . The court shall hear the action and determine the issues of fact and law involved in accordance with rules of practice and procedure as in other in rem proceedings.
 
 [MCL 205.429 (emphasis added).]
 

 Respondents base their argument on the express “non-contested case” status of the hearing set forth in MCL 205.429(3). However, MCR 7.105 — entitled “Appeals from Administrative Agencies in ‘Contested Cases’ ” — provides in relevant part as follows:
 

 (A) Definitions. . . .
 

 (2) “Contested case” means a proceeding including but not limited to ratemaking, price fixing, and licensing, in which determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing. An appeal of one agency’s decision to another agency is a continuous proceeding as though before a single agency.
 

 (B) Scope.
 

 (1) This rule governs an appeal to the circuit court from an agency decision in a contested case,
 
 except when a statute requires a different procedure.
 
 A petitioner intending to rely on a different procedure permitted by statute shall identify the statutory procedure in the petition for review. Failure to do so waives the right to use the different procedure. [Emphasis added.]
 

 The agency proceedings in this case fall within the strict definition of “contested case” because, as petitioners correctly argue, MCR 7.105(A)(2) does not limit contested cases to those determinations made
 
 *100
 
 after a required evidentiary hearing, but to those required to be made after an
 
 opportunity
 
 for an evi-dentiary hearing. MCL 205.429(3) provides that opportunity.
 

 Thus, if MCR 7.105(A)(2) were the only determining provision, then MCR 7.105 would apply to the tpta hearing. However, MCR 7.105(B)(1) compels a conclusion that this court rule does not apply. The first sentence of MCR 7.105(B)(1) states: “This rule governs an appeal to the circuit court from an agency decision in a contested case,
 
 except when a statute requires a different procedure”
 
 (Emphasis added.) MCL 205.429(4) requires a different procedure. Because this rule is not ambiguous, this Court may not construe the language, but must apply it as written.
 
 Frankenmuth, supra
 
 at 515. MCR 7.105 does not govern.
 

 MCR 7.101 also cannot apply to the appeal to circuit court. Its relevant language reads as follows: “This rule applies to appeals to the circuit court from the district court and probate court, each referred to as ‘trial court’ in MCR 7.101 and 7.103.“ MCR 7.101(A)(1). Respondents’ assertion that “MCR 7.101 governs appeals to circuit court from district court, probate court
 
 and agency decisions”
 
 (emphasis added), is correct only where MCR 7.104(A) directs a court to apply MCR 7.101; but MCR 7.104, entitled “Appeals From Administrative Agencies,” also does not apply. MCR 7.104(A) governs appeals under MCL 600.631, which only takes effect when “an appeal or other judicial review has not otherwise been provided for by law . . . .” MCL 600.631. Again, because other judicial review has been provided by law, MCL
 
 *101
 
 600.631 is not applicable. The other subsections of MCR 7.104 patently do not apply.
 

 Determining which procedural requirements
 
 do
 
 apply to the circuit court review of the agency proceeding under the tpta begins with the following statutory guidance: “The court shall hear the action and determine the issues of fact and law involved in accordance with rules of practice and procedure as in other in rem proceedings.” MCL 205.429(4). The language of this statute is not ambiguous. In Michigan, in rem proceedings include foreclosures for failure to pay taxes,
 
 Smith v Cliffs on the Bay Condominium Ass’n (On Remand),
 
 245 Mich App 73, 75; 626 NW2d 905 (2001), foreclosures on construction liens,
 
 Republic Bank v Modular One LLC,
 
 232 Mich App 444, 448; 591 NW2d 335 (1998), and penalty forfeitures,
 
 People v Acoff,
 
 220 Mich App 396, 399; 559 NW2d 103 (1996).
 

 Penalty forfeitures are most similar to the tptaauthorized seizure and forfeiture in this case; the question that is litigated in penalty forfeitures must be answered by the circuit court in this case is whether the property in question came into petitioners’ hands in violation of a law of the state and should therefore be forfeited. Litigation to answer that question includes discovery, motion practice, and trials. See
 
 Hollins v Detroit Police Dep’t,
 
 225 Mich App 341, 343; 571 NW2d 729 (1997);
 
 In re Forfeiture of $25, 505,
 
 220 Mich App 572; 560 NW2d 341 (1996);
 
 In re Forfeiture of 19203 Albany,
 
 210 Mich App 337, 338; 532 NW2d 915 (1995). Otherwise, there are no special court rules governing penalty forfeitures.
 
 In re Forfeiture of 301 Cass Street,
 
 194 Mich App 381, 384; 487 NW2d 795 (1992). Summary forfeitures are explicitly allowed only in cases involving “executory con
 
 *102
 
 tract[s] for the purchase of premises” under MCR 4.202(A), or those involving “controlled substance[s] listed in schedule 1,” MCL 333.7525, of which tobacco is not one. MCL 333.7212.
 
 In re Forfeiture of 3Q1 Cass Street, supra
 
 at 384. Penalty forfeiture proceedings are not proceedings in which discovery is prohibited.
 
 Id.
 
 Instead, the “ ‘Michigan Court Rules govern practice and procedure in all courts’ except where more specific rules are provided.”
 
 Id.,
 
 quoting MCR 1,103. There are no special court rules providing for penalty forfeiture proceedings.
 
 Id.
 
 Indeed, as petitioners point out, MCR 2.001 provides that chapter two of the Michigan Court Rules “govemfs] procedure in all civil proceedings in all courts established by the constitution and laws of the State of Michigan, except where the limited jurisdiction of a court makes a rule inherently inapplicable or where a rule applicable to a specific court or a specific type of proceeding provides a different procedure.”
 

 MCL 205.429(4) creates the circuit court’s jurisdiction over an appeal of an agency proceeding under the tpta, but does not limit the jurisdiction it creates. There is no rule applicable to the circuit court or to this type of proceeding that provides for or mandates a different procedure. Because the appeal of the agency decision to circuit court is governed by the same rules of practice and procedure as an in rem, civil proceeding under MCL 205.429(4), the circuit court must conduct the proceedings under the rules of chapter two of the Michigan Court Rules. MCR 2.001.
 

 Finally, contrary to respondents’ assertions, nothing in the TPTA expressly places the burden of proof on a petitioner in a forfeiture proceeding; the TPTA
 
 *103
 
 states only that “[t]he [aggrieved] persons are entitled to appear before the department, to be represented by counsel, and to present testimony and argument.” MCL 205.429(3). Generally, the government has the burden of proving its case by a preponderance of the evidence in a forfeiture proceeding. See
 
 People v Everard,
 
 225 Mich App 455, 465-466; 571 NW2d 536 (1997);
 
 In re Forfeiture of $25,505, supra
 
 at 574;
 
 In re Forfeiture of $1,159,420,
 
 194 Mich App 134, 146; 486 NW2d 326 (1992). A full proceeding in the circuit court will not result in a shift of the burden of proof.
 

 Affirmed.