# STATE OF MICHIGAN

# COURT OF APPEALS

---

PRIME TIME INTERNATIONAL
DISTRIBUTING, INC.,

        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

        Defendant-Appellee.

UNPUBLISHED
October 23, 2018

No. 338564
Monroe Circuit Court
LC No. 16-139209-AA

---

Before: O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals by delayed leave granted[1] the circuit court's order affirming the decision of the Department of Treasury regarding the seizure and forfeiture of plaintiff's tobacco product pursuant to the Tobacco Products Tax Act, MCL 205.421 *et seq.* (TPTA). We reverse and remand for proceedings consistent with this opinion.

On appeal, plaintiff argues that the trial court erred when it affirmed the decision of the Department of Treasury and dismissed this action in the lower court without allowing plaintiff to conduct discovery. We agree.

"Challenges to a court's decision to grant or deny summary disposition are reviewed de novo." *Nitzkin v Craig*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 337744); slip op at 3.

As this Court recognized in *Prime Time Int'l Distrib, Inc v Dep't of Treasury*, 322 Mich App 46, 54; 910 NW2d 683 (2017), "[t]he TPTA is at its heart a revenue statute, designed to assure that tobacco taxes levied in support of Michigan schools are not evaded." (Citation and quotation marks omitted.) At issue in this case is whether the circuit court correctly determined that it could affirm the decision of the Department of Treasury regarding the lawfulness of defendant's seizure and forfeiture of plaintiff's tobacco product before the parties engaged in

---

[1] *Prime Time Int'l Distrib, Inc v Dep't of Treasury*, unpublished order of the Court of Appeals, entered October 9, 2017 (Docket No. 338564).

-1-

meaningful discovery. The TPTA contains a procedure for those seeking judicial review of a decision of the Department of Treasury:

> If a person is aggrieved by the decision of the department, that person may appeal to the circuit court of the county where the seizure was made to obtain a judicial determination of the lawfulness of the seizure and forfeiture. . . . The court shall hear the action and determine the issues of fact and law involved in accordance with rules of practice and procedure as in other in rem proceedings. If a judicial determination of the lawfulness of the seizure and forfeiture cannot be made before deterioration of any of the property seized, the court shall order the destruction or sale of the property with public notice as determined by the court and require the proceeds to be deposited with the court until the lawfulness of the seizure and forfeiture is finally adjudicated. [MCL 205.429(4).]

"An appeal from the Department to the circuit court is governed by Chapter 2 of the Michigan Court Rules . . . [.]" *Prime Time*, 322 Mich App at 58, citing *Keweenaw Bay Outfitters & Trading Post v Dep't of Treasury*, 252 Mich App 95, 102; 651 NW2d 138 (2002). Therefore, the reviewing circuit court must conduct "discovery [and] motion practice[ ]" to resolve outstanding issues. *Id*. at 101-102; see also *Prime Time*, 322 Mich App at 59. In *Keweenaw Bay Outfitters*, this Court recognized that appeal proceedings in the circuit court pursuant to the TPTA are conducted "in accordance with [the] rules of practice and procedure as in other in rem proceedings." *Keweenaw Bay Outfitter*s, 252 Mich App at 101. Observing that penalty forfeitures are a type of in rem proceeding, this Court stated, in pertinent part, as follows:

> Penalty forfeitures are most similar to the TPTA-authorized seizure and forfeiture in this case; the question that is litigated in penalty forfeitures must be answered by the circuit court in this case: whether the property in question came into petitioners' hands in violation of a law of the state and should therefore be forfeited. *Litigation to answer that question includes discovery, motion practice, and trials*.

> \* \* \*

> Because the appeal of the agency decision to circuit court is governed by the same rules of practice and procedure as an in rem, civil proceeding under MCL 205.429(4), the circuit court must conduct the proceedings under the rules of Chapter Two of the Michigan Court Rules. MCR 2.001 [*Id*. at 101, 102 (emphasis added).]

MCR 2.116(I)(1) provides:

> If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay.

While "the trial court has the authority to grant summary disposition sua sponte" under MCR 2.116(I)(1), "the trial court may not do so in contravention of a party's due process rights."

*Lamkin v Hamburg Twp Bd of Trustees*, 318 Mich App 546, 549-550; 899 NW2d 408 (2017), quoting *Al-Maliki v LaGrant*, 286 Mich App 483, 489; 781 NW2d 853 (2009).

> [T]here can be no question that, at a minimum, due process of law requires that deprivation of life, liberty, or property by adjudication must be preceded by notice and an opportunity to be heard. This basic and fundamental concept indisputably applies in the context of summary proceedings; this Court so held quite clearly in *Al-Maliki*. Sua sponte motions for summary disposition are permitted under the court rules, but no exception to basic due-process requirements exists in MCR 2.116(I)(1) or elsewhere. It is a matter of simple justice in our system for a party to be given fair notice and an opportunity to be heard before the boom is lowered. [*Lamkin*, 318 Mich App 546 at 550 (citations and quotation marks omitted).]

On March 22, 2017, the circuit court held a hearing on plaintiff's motion to compel an inspection of the tobacco product that defendant had seized. Although the purpose of the motion hearing was to address plaintiff's motion to compel inspection of the tobacco product, the circuit court, without notice to either party and by its own initiative, affirmed the decision of the Department of Treasury in its totality. Plaintiff pointed out to the circuit court during oral argument that the issue of whether summary disposition should be granted had not been briefed in advance of the hearing, and explained that further discovery was necessary with respect to the issue of the lawfulness of defendant's seizure and forfeiture of the tobacco product.[2] Specifically, plaintiff sought to obtain documentation relevant to plaintiff's licensee status under the TPTA. Although plaintiff informed the circuit court that there were a number of issues that had to be clarified through the discovery process, the circuit court disagreed and dismissed the action. Because the circuit court must conduct appeals from the Department of Treasury pursuant to Chapter 2 of the Michigan Court Rules, which, as relevant to this case, allow for discovery, the circuit court erred as a matter of law in concluding that discovery was unnecessary. See *Prime Time*, 322 Mich App at 58; *Keweenaw Bay*, 252 Mich App at 101. Where the circuit court's ruling operated to deprive plaintiff of its opportunity to properly canvass issues related to the lawfulness of the seizure and forfeiture of the tobacco product, we agree with plaintiff that such action "constitutes a fatal procedural flaw necessitating reversal." *Lamkin*, 318 Mich App at 550-551.

Plaintiff also argues that the circuit court abused its discretion in denying plaintiff's motion for reconsideration. We agree.

---

[2] MCL 205.429(1) provides, in pertinent part, as follows:

> A tobacco product held, owned, possessed, transported, or in control of a person in violation of this act, and a vending machine, vehicle, and other tangible personal property containing a tobacco product in violation of this act and any related books and records are contraband and may be seized and confiscated by the department as provided in this section.

"We review for an abuse of discretion a trial court's decision on a motion for reconsideration." *St John Macomb-Oakland Hosp v State Farm Mut Auto Ins Co*, 318 Mich App 256, 261; 896 NW2d 85 (2016) (citation omitted). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id.* (quotation marks and citation omitted).

The moving party seeking reconsideration "must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3). " 'Palpable' is defined as '[e]asily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, manifest.' " *Luckow v Luckow*, 291 Mich App 417, 426; 805 NW2d 453 (2011) (citation omitted). Under MCR 2.119(F)(3), the trial court has "considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize cost to the parties." *Sanders v McLaren-Macomb*, 323 Mich App 254, 264-265; 916 NW2d 305 (2018) (citation and quotation marks omitted).

In the lower court plaintiff asserted that participating in additional discovery would allow it to obtain documentation demonstrating that defendant was aware of the status of USA Tobacco Distributing, Inc. as a related business entity of plaintiff. These considerations were crucial to the Department of Treasury's determination that plaintiff was not in compliance with the TPTA's licensing requirements, and that seizure and forfeiture of the tobacco product was warranted. Thus, where discovery may have yielded additional evidence relevant to plaintiff's licensee status under the TPTA, the trial court abused its discretion in denying plaintiff's motion for reconsideration.

To the extent that defendant asserts in its brief on appeal that any issues pertaining to the inspection of the tobacco product are now moot, we acknowledge that "[a]s a general rule, an appellate court will not decide moot issues." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998) (citations omitted). However, the pivotal issue in this appeal is whether the trial court prematurely ceased the proceedings in the circuit court without allowing plaintiff its full opportunity to pursue discovery. The underlying issues to be canvassed through the discovery process were plaintiff's licensee status under the TPTA, and whether defendant's seizure and confiscation of the tobacco product was therefore in compliance with the TPTA. Notably, although the tobacco product was destroyed, the issue of whether the seizure and forfeiture of the tobacco product was lawful and in compliance with the TPTA is certainly not moot where plaintiff is pursuing redress for the destruction of its product. Specifically, MCL 205.429(4) provides, in pertinent part:

> If a judicial determination of the lawfulness of the seizure and forfeiture cannot be made before deterioration of any of the property seized, the court shall order the destruction or sale of the property with public notice as determined by the court and require the proceeds to be deposited with the court until the lawfulness of the seizure and forfeiture is finally adjudicated.

Accordingly, even if we were to agree with defendant's position that questions regarding the inspection of the tobacco product are rendered moot, we note that the pivotal determination to be

made in this case, that being whether defendant lawfully seized and forfeited plaintiff's tobacco product, remains a live issue.

We reverse the trial court's order affirming the Department of Treasury's decision regarding the seizure and forfeiture of plaintiff's tobacco product and remand for proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood