WALTERS v BLOOMFIELD HILLS FURNITURE

Docket No. 198201. Submitted December 3, 1997, at Detroit. Decided February 20, 1998, at 9:10 A.M. Leave to appeal sought.

Gerald Walters brought an action in the Oakland Circuit Court against Bloomfield Hills Furniture and Daniel Goldman, seeking to be paid sales commissions for furniture delivered to customers after the plaintiff terminated his employment with the defendants. The plaintiff alleged that an oral contract entitled him to payment of commissions on sold furniture upon delivery to customers. The defendants introduced a writing signed by the plaintiff stating that, upon termination of his employment, he would not be paid or owed commissions on sales in which delivery was made after the termination of his employment. The court, Barry L. Howard, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held*:

1. MCL 600.2961(4); MSA 27A.2961(4) provides that all commissions that are due at the time of the termination of a contract between a sales representative and a principal shall be paid within forty-five days after the date of termination and that commissions that become due after the termination date shall be paid within forty-five days after the date on which the commission became due. MCL 600.2961(8); MSA 27A.2961(8) states that a provision in a contract between a principal and a sales representative purporting to waive any right under § 2961 is void. The writing offered by the defendants, under which the right under § 2961(4) to posttermination commissions was waived, is rendered void by § 2961(8).

2. The defendants dispute the existence of an oral contract with the plaintiff, and the parties disagree about the amount of commissions allegedly owed to the plaintiff. In light of these remaining issues of fact, the matter must be remanded for further proceedings.

Reversed and remanded.

MASTER AND SERVANT — SALES REPRESENTATIVES — POSTTERMINATION COMMISSIONS.

The payment of commissions due a sales representative at the time of the termination of the contract between the sales representative and the principal and the payment of commissions that become

due after the termination of the contract between the sales representative and the principal are required by statute; any provision in a contract between a sales representative and a principal that purports to waive the sales representative's right to commissions is void (MCL 600.2961[4],[8]; MSA 27A.2961[4],[8]).

*Cynthia S. Andrews*, for the plaintiff.

*Alspector, Sosin, Mittenthal & Barson, P.C.* (by *Robert M. Sosin*), for the defendants.

Before: KELLY, P.J., and CAVANAGH and N. J. LAMBROS*, JJ.

CAVANAGH, J. Plaintiff appeals as of right the trial court order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8).[1] We reverse and remand for further proceedings.

Plaintiff alleges that defendants have refused to pay him sales commissions that he allegedly earned on the sale of furniture. According to plaintiff's complaint and affidavit, on February 23, 1994, he entered into an oral employment contract with defendants pursuant to which plaintiff agreed to sell furniture for defendants and to be compensated solely by commission. The payment of the commission was contingent upon delivery of the furniture to the purchaser.

On May 18, 1994, plaintiff signed a letter prepared by defendants, which stated:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendants moved for summary disposition pursuant to both MCR 2.116(C)(8) and (10). The trial court did not specify the subrule under which it granted defendants' motion. However, because it appears that the trial court based its decision solely on the pleadings and the applicable law, we presume that defendants' motion was granted pursuant to MCR 2.116(C)(8). See MCR 2.116(G)(5); *Spiek v Dep't of Transportation*, 456 Mich 331, 338; 572 NW2d 201 (1998).

> This letter will confirm that I understand and accept as a condition of my employment with Bloomfield Hills Furniture, Inc., that upon my termination as an employee, for any reason whatsoever, I will not be paid or owed any commissions on sales not yet delivered to the customer as of the date of my termination.

Plaintiff voluntarily terminated his employment with defendants in August 1995. At that time, there were a number of customers to whom plaintiff had sold furniture, but who had yet to accept delivery of the furniture purchased. Plaintiff subsequently sought payment from defendants of commissions due as a consequence of posttermination deliveries of the furniture to these customers. Defendants refused to pay any commissions on furniture sold by plaintiff that had been delivered after plaintiff terminated his employment with defendants.

On July 10, 1996, plaintiff filed his complaint in the instant action. Defendants immediately moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). The trial court determined that MCL 600.2961(2); MSA 27A.2961(2) required it to look to the contract between the parties to determine when commissions to plaintiff were due. On the basis of the May 18, 1994, letter, the trial court concluded that plaintiff was not due any commissions on furniture sold by him but delivered after his employment terminated. On September 4, 1996, an order was entered granting defendants' motion for summary disposition. This appeal ensued.

On appeal, an order granting or denying a motion for summary disposition is reviewed de novo. *Plieth v St Raymond Church*, 210 Mich App 568, 571; 534 NW2d 164 (1995). A motion for summary disposition

under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. It should be granted only if the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Ladd v Ford Consumer Finance Co, Inc,* 217 Mich App 119, 125; 550 NW2d 826 (1996), lv gtd 456 Mich 899 (1997).

MCL 600.2961; MSA 27A.2961 provides in pertinent part:

> (2) The terms of the contract between the principal and sales representative shall determine when a commission becomes due.

*   *   *

> (4) All commissions that are due at the time of the termination of a contract between a sales representative and principal shall be paid within 45 days after the date of termination. Commissions that become due after the termination date shall be paid within 45 days after the date on which the commission became due.

*   *   *

> (8) A provision in a contract between a principal and a sales representative purporting to waive any right under this section is void.

The primary goal of statutory interpretation is to ascertain and give effect to the Legislature's intent. The Legislature is presumed to have intended the meaning it plainly expressed. If the plain and ordinary meaning of the statutory language is clear, then judicial construction is neither necessary nor permitted. A court is required to enforce a clear and unambiguous statute as written. *Smith v Globe Life Ins Co,* 223 Mich App 264, 276-277; 565 NW2d 877 (1997).

Plaintiff argues that the trial court misapplied MCL 600.2961; MSA 27A.2961. We agree. MCL 600.2961(2); MSA 27A.2961(2) clearly indicates that the terms of the contract between the sales representative and the principal determine when a commission becomes due. MCL 600.2961(4); MSA 27A.2961(4) confers upon a sales representative the right to receive payment of commissions coming due after the termination date within forty-five days after the date on which the commissions became due. MCL 600.2961(8); MSA 27A.2961(8) explicitly states that any provision in an employment contract that purports to waive any right under MCL 600.2961; MSA 27A.2961 is void.

A court must look to the object of a statute and the harm that it was designed to remedy and apply a reasonable construction that best accomplishes the purpose of the statute. *USAA Ins Co v Houston General Ins Co*, 220 Mich App 386, 392-393; 559 NW2d 98 (1996). The text of the statute indicates that the Legislature intended to ensure that sales representatives are paid the commissions to which they are entitled, especially where those commissions come due after the termination of the employment relationship. This conclusion is supported by the legislative analysis, which contains the following passage:

Regardless of geographic territory or type of product sold, after the business relationship between a wholesale sales representative and a principal (e.g., a manufacturer or distributor) has been terminated, many sales representatives reportedly experience difficulty in recovering commissions they have earned. This can happen, for example, when a delay in the delivery of goods delays payment of the commission, although the commission actually accrued to the sales representative at the time the sale was made. Apparently, to recover a commission, a sales representative

often must sue in the domicile of the principal, and bear the added costs of attending depositions and trial in another state. Knowing that recovery through the courts can be a costly and time-consuming proposition that many sales representatives would wish to avoid, some principals allegedly withhold earned commissions, thus forcing sales representatives either to accept distress settlements (i.e., a portion of their earned commissions not yet received) or to forgo the remuneration completely. To ensure that sales representatives receive the commissions to which they are entitled, it has been suggested that prompt payment of posttermination commissions, and penalties for failure to make the payment, be statutorily mandated. [Senate Legislative Analysis, SB 717, April 30, 1992.]

The parties disagree over what the terms of plaintiff's employment contract were. Plaintiff alleges that he entered into an oral contract with defendants that provided that commissions were due upon delivery of the sold furniture to the customer. Defendants dispute the existence of the oral contract. Defendants assert that plaintiff's employment contract includes the terms of the May 18, 1994, letter, which provides that no commissions were owed to plaintiff on any furniture sold before the termination of his employment but delivered afterward.

When reviewing a grant or denial of a motion for summary disposition pursuant to MCR 2.116(C)(8), all factual allegations in support of the claim must be accepted as true. *Simko v Blake*, 448 Mich 648, 654; 532 NW2d 842 (1995). Under the facts as presented by plaintiff, pursuant to the terms of the parties' oral contract, plaintiff was entitled to payment of his commission on sold furniture upon the customer taking delivery of the furniture. However, the May 18, 1994, letter provides that plaintiff is not entitled to receive commissions on furniture that was delivered after the

termination of plaintiff's employment. The practical effect of the letter is to preclude plaintiff from receiving commissions that he would have been entitled to under the parties' original agreement. In other words, the letter effectively constitutes a waiver of plaintiff's right to payment of commissions that came due after he ceased working for defendants. However, subparagraph 4 protects a sales representative's right to post-termination receipt of commissions. Under the circumstances, subparagraph 8 renders the May 18, 1994, letter void. Any other construction of MCL 600.2961; MSA 27A.2961 would defeat the purpose of the statute. Defendants may not redefine when commissions come due in order to nullify subparagraph 8 and thwart the clear intent of the Legislature. The trial court erred in relying on the May 18, 1994, letter to support its grant of defendants' motion for summary disposition.

Defendants dispute the existence of the February 23, 1994, oral contract. In addition, the parties disagree about the amount of the commissions allegedly owed to plaintiff. Because issues of fact exist regarding plaintiff's claims, we reverse and remand for further proceedings.[2]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[2] Under MCL 600.2961(4); MSA 27A.2961(4), "[c]ommissions that become due after the termination date shall be paid within 45 days after the date on which the commission became due." If defendants intentionally failed to pay the commissions when due, they are liable to plaintiff for damages in "an amount equal to 2 times the amount of commissions due but not paid as required by this section or $100,000.00, whichever is less." MCL 600.2961(5)(b); MSA 27A.2961(5)(b).