# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

PRIME TIME INTERNATIONAL
DISTRIBUTING, INC.,

        Plaintiff-Appellee,

v

DEPARTMENT OF TREASURY,

        Defendant-Appellant.

FOR PUBLICATION
November 16, 2017
9:00 a.m.

No.   335913
Court of Claims
LC No.   16-000226-MZ

---

MFJ ENTERPRISES, INC.,

        Plaintiff-Appellee,

and

MAHER JABORO,

        Plaintiff,

v

DEPARTMENT OF TREASURY,

        Defendant-Appellant.

No.   335914
Court of Claims
LC No.   16-000214-MZ

---

KEWEENAW BAY INDIAN COMMUNITY,

        Plaintiff-Appellee,

v

DEPARTMENT OF TREASURY and STATE
TREASURER,

        Defendants-Appellants.

No.   335916
Court of Claims
LC Nos. 16-000064-MZ

---

KEWEENAW BAY INDIAN COMMUNITY,

     Plaintiff-Appellee,

v

DEPARTMENT OF TREASURY and STATE
TREASURER,

     Defendants-Appellants.

Nos. 335918
Court of Claims
LC Nos. 16-000099-MZ

---

KEWEENAW BAY INDIAN COMMUNITY,

     Plaintiff-Appellee,

v

DEPARTMENT OF TREASURY and STATE
TREASURER,

     Defendants-Appellants.

Nos. 335919
Court of Claims
LC Nos. 16-000100-MZ

---

CHASE CASH & CARRY, INC.,

     Plaintiff-Appellee,

v

DEPARTMENT OF TREASURY,

     Defendant-Appellant.

Nos. 336008
Court of Claims
LC No.  16-000232-MT

---

CHASE CASH & CARRY, INC.,

     Plaintiff-Appellee,

v

DEPARTMENT OF TREASURY,

     Defendant-Appellant.

Nos. 337267
Jackson Circuit Court
LC No.  16-003269-CZ

---

Before: BECKERING, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

Defendant the Department of Treasury (the Department) appeals as of right from three opinions and orders issued by the Court of Claims involving plaintiffs Prime Time International Distributing, Inc., MFJ Enterprises, Inc., and Chase Cash & Carry, Inc. The Department and defendant the State Treasurer appeal as of right an opinion and order involving plaintiff Keweenaw Bay Indian Community. We affirm.

## I. BACKGROUND

Spanning from 2015 to 2016, the Michigan State Police Tobacco Tax Unit seized large amounts of tobacco products from plaintiffs for violations of the Tobacco Products Tax Act (TPTA), MCL 205.421 *et seq*. Each plaintiff timely requested a hearing before the Department pursuant to MCL 205.429(3). The Department concluded that the seizures and forfeitures were proper in each case. Plaintiffs each filed an appeal to the proper circuit court as mandated under MCL 205.429(4). The Department filed a notice of transfer pursuant to MCL 600.6404(3) in each action so they could be transferred to the Court of Claims. The Court of Claims issued its first opinion on October 17, 2016, holding that the circuit court had exclusive jurisdiction over Prime Time International Distributing, Inc.'s action.[1] The remaining plaintiffs' actions were likewise transferred back to the circuit court for reasons consistent with the first opinion.[2] Defendants now appeal the Court of Claims's decisions, arguing that the Court of Claims Act (CCA), MCL 600.6401 *et seq*., vests the Court of Claims with exclusive jurisdiction over these appeals and that they do not fall within the CCA's jurisdictional exception under MCL 600.6419(5). Defendants claim this exception does not apply because (1) the TPTA does not confer exclusive jurisdiction to the circuit court, and (2) an appeal under the TPTA is actually an original action. The appeals have been consolidated to advance the administration of the appellate process.

## II. STANDARD OF REVIEW

This Court reviews de novo the question whether the trial court possessed subject-matter jurisdiction. *Bank v Mich Ed Ass'n*, 315 Mich App 496, 499; 892 NW2d 1 (2016). Additionally, "[a] challenge to the jurisdiction of the Court of Claims presents a statutory question that is reviewed de novo as a question of law." *AFSCME Council 25 v State Employees' Retirement*

---

[1] See *Prime Time Int'l Distributing, Inc v Dep't of Treasury*, Court of Claims Docket No. 16-000226-MZ, decided October 17, 2016.

[2] See *Chase Cash & Carry, Inc v Dep't of Treasury*, Court of Claims Docket Nos. 16-000232-MT; 16-003269-CZ, decided November 15, 2016; *MFJ Enterprises, Inc v Dep't of Treasury*, Court of Claims Docket No. 16-000214-MZ, decided November 9, 2016; *Keweenaw Bay Indian Community v Dep't of Treasury*, Court of Claims Docket Nos. 16-000064-MZ; 16-000099-MZ; 16-000100-MZ, decided November 9, 2016.

*Sys*, 294 Mich App 1, 6; 818 NW2d 337 (2011). Moreover, this Court "reviews de novo questions of statutory construction, with the fundamental goal of giving effect to the intent of the Legislature." *Cheboygan Sportsman Club v Cheboygan Co Prosecuting Attorney*, 307 Mich App 71, 75; 858 NW2d 751 (2014).

### III. STATUTORY BACKGROUND

Defendants contend the Court of Claims erred when it held that the circuit court has subject-matter jurisdiction over plaintiffs' claims. We disagree.

"The Legislature is presumed to have intended the meaning it plainly expressed. If the plain and ordinary meaning of the statutory language is clear, then judicial construction is neither necessary nor permitted. A court is required to enforce a clear and unambiguous statute as written." *Walters v Bloomfield Hills Furniture*, 228 Mich App 160, 163; 577 NW2d 206 (1998). Statutes sharing subject matter or a common purpose are *in pari materia* and "must be read together as a whole." *Bloomfield Twp v Kane*, 302 Mich App 170, 176; 839 NW2d 505 (2013). Further if there is "tension, or even conflict, between sections of a statute," this Court must, "if reasonably possible, construe them both so as to give meaning to each; that is, to harmonize them." *O'Connell v Dir of Elections*, 316 Mich App 91, 99; 891 NW2d 240 (2016) (citations omitted).

### A. CIRCUIT COURT JURISDICTION

Circuit courts are courts of general jurisdiction that derive their power from the Michigan Constitution. *Id*. at 101. The constitution states that "[t]he circuit court shall have original jurisdiction in all matters not prohibited by law; appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law . . . and jurisdiction of other cases and matters as provided by rules of the supreme court." Const 1963, art 6, § 13. The Revised Judicature Act (RJA), MCL 600.101 *et seq*., provides that "[c]ircuit courts have original jurisdiction to hear and determine all civil claims and remedies." MCL 600.605. The RJA sets forth the circuit court's jurisdiction with regard to agency decisions as follows:

> An appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in accordance with the rules of the supreme court. [MCL 600.631.]

However, the RJA provides an exception to the general jurisdiction of the circuit court "where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. Accordingly, "the circuit court is presumed to have subject-matter jurisdiction over a civil action unless Michigan's Constitution or a statute expressly prohibits it from exercising jurisdiction or gives to another court exclusive jurisdiction over the subject matter of the suit." *Teran v Rittley*, 313 Mich App 197, 206; 882 NW2d 181 (2015). "[W]here this Court must

-4-

examine certain statutory language to determine whether the Legislature intended to deprive the circuit court of jurisdiction," this Court has explained, "[t]he language must leave no doubt that the Legislature intended to deprive the circuit court of jurisdiction of a particular subject matter." *Detroit Auto Inter-Ins Exch v Maurizio*, 129 Mich App 166, 175; 341 NW2d 262 (1983).

## B. COURT OF CLAIMS JURISDICTION

An exception to the general jurisdiction of the circuit court exists where the Court of Claims is given exclusive jurisdiction. See *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 774; 664 NW2d 185 (2003). The Legislature created the Court of Claims and thus that tribunal "has limited powers with explicit limits on the scope of its subject-matter jurisdiction." *Okrie v Michigan*, 306 Mich App 445, 448; 857 NW2d 254 (2014) (citations omitted). Accordingly, "[t]he jurisdiction of the Court of Claims is subject to Michigan statutory law," and therefore "does not have extensive and inherent powers akin to those of a constitutional court of general jurisdiction." *Id*.[3] The CCA states that "[e]xcept as provided in sections 6421 and 6440, the jurisdiction of the court of claims, as conferred upon it by this chapter, is exclusive." MCL 600.6419(1). The Court of Claims has jurisdiction

> [t]o hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding[4] another law that confers jurisdiction of the case in the circuit court. [MCL 600.6419(1)(a).]

However, MCL 600.6419(5) states, "This chapter does not deprive the circuit court of exclusive jurisdiction over appeals from the district court and administrative agencies as authorized by law."

## C. THE TPTA

The TPTA "is at its heart a revenue statute, designed to assure that tobacco taxes levied in support of Michigan schools are not evaded." *K & W Wholesale, LLC v Dep't of Treasury*, 318 Mich App 605, 611; 899NW2d 432 (2017). Under the TPTA, a

---

[3] In 2013, the Legislature enlarged the jurisdiction of the Court of Claims and transferred its locus from the Ingham Circuit Court to the Court of Appeals. See 2013 PA 164; *Baynesan v Wayne State Univ*, 316 Mich App 643, 646; 894 NW2d 102 (2016).

[4] " 'Notwithstanding' means 'in spite of; without being opposed or prevented by[.]' " *Gray v Chrostowski*, 298 Mich App 769, 778; 828 NW2d 435 (2012), quoting *Random House Webster's College Dictionary* (1997).

tobacco product held, owned, possessed, transported, or in control of a person in violation of this act, and a vending machine, vehicle, and other tangible personal property containing a tobacco product in violation of this act and any related books and records are contraband and may be seized and confiscated by the department as provided in this section. [MCL 205.429(1).]

The TPTA also provides the procedure for requesting and conducting an administrative hearing. See MCL 205.429(3). In addition, the TPTA provides a procedure for seeking judicial review of the decision following the administrative hearing:

> If a person is aggrieved by the decision of the department, that person may appeal to the *circuit court of the county where the seizure was made* to obtain a judicial determination of the lawfulness of the seizure and forfeiture. The action shall be commenced within 20 days after notice of the department's determination is sent to the person or persons claiming an interest in the seized property. The court shall hear the action and determine the issues of fact and law involved in accordance with rules of practice and procedure as in other in rem proceedings. If a judicial determination of the lawfulness of the seizure and forfeiture cannot be made before deterioration of any of the property seized, the court shall order the destruction or sale of the property with public notice as determined by the court and require the proceeds to be deposited with the court until the lawfulness of the seizure and forfeiture is finally adjudicated. [MCL 205.429(4) (emphasis added).]

## IV. ANALYSIS

Defendant contends, and we agree, that MCL 600.6419 generally vests the Court of Claims with exclusive jurisdiction over claims against the state or any of its departments. MCL 600.6419(1). Defendant further maintains that because plaintiffs' actions do not meet the CCA's exception to jurisdiction under MCL 600.6419(5), the Court of Claims has exclusive jurisdiction over these actions. We disagree.

This Court has held, "A litigant seeking judicial review of an administrative agency's decision has three potential avenues of relief: (1) the method of review prescribed by the statutes applicable to the particular agency; (2) the method of review prescribed by the [Administrative Procedures Act (APA), MCL 24.201 *et seq*.]; or (3) an appeal under MCL 600.631[.]" *Teddy 23, LLC v Michigan Film Office*, 313 Mich App 557, 567; 884 NW2d 799 (2015) (citation omitted). The TPTA is the applicable statute that prescribes the procedure for judicial review of the Department's decision. It requires an "appeal to the circuit court of the county where the seizure was made." MCL 205.429(4). However, the Court of Claims has exclusive jurisdiction for claims "against the state or any of its departments or officers *notwithstanding another law that confers jurisdiction of the case in the circuit court*." MCL 600.6419(1)(a) (emphasis added). Thus, there is an inherent tension between the TPTA's jurisdictional provision and the CCA's jurisdictional provisions. To remedy this tension, we look first to the exceptions under the CCA, MCL 600.6419(5), which provides: "This chapter does not deprive the circuit court of exclusive jurisdiction over appeals from the district court and administrative agencies as authorized by law." If MCL 600.6419(5) applies, the Court of Claims does not have jurisdiction to hear these actions against the state. Defendant argues that MCL 205.429(4) does not confer *exclusive*

jurisdiction to the circuit court, and for that reason, MCL 600.6419(5) does not apply. In support, defendant relies on the statutory analysis in *O'Connell*. This argument fails.

In *O'Connell*, we analyzed the relationship between MCL 600.4401 and MCL 600.6419 to determine which court has jurisdiction to decide writs of mandamus. *O'Connell*, 316 Mich App at 102-103. Specifically, we recognized a tension between MCL 600.4401(1), which grants concurrent jurisdiction to decide mandamus actions against a state officer to circuit courts and this Court, and MCL 600.6419(1)(a), which grants exclusive jurisdiction to the Court of Claims to decide demands for extraordinary writs against the state or the state's departments or officers, including prerogative and remedial writs. *Id*. at 103-104. The defendant argued that the CCA provided an exception under MCL 600.6419(6) that would "reserve[] for the circuit court 'exclusive' jurisdiction over mandamus actions involving state officers—notwithstanding MCL 600.6419(1)(a)." *Id*. at 104. We concluded that the exception under the CCA did not confer exclusive jurisdiction to circuit courts. Like MCL 600.6419(5) at issue in the instant case, the exception under MCL 600.6149(6) provides: "This chapter does not deprive the circuit court of exclusive jurisdiction to issue, hear, and determine prerogative and remedial writs consistent with section 13 of article VI of the state constitution of 1963."

We held in *O'Connell* that the Court of Claims had jurisdiction because the exception under MCL 600.6419(6) did not apply since "the circuit court did not possess exclusive jurisdiction over mandamus actions involving state officers; rather, it shared concurrent jurisdiction with this Court." *Id*. at 104. Moreover, the Michigan Constitution also granted the Michigan Supreme Court power over prerogative writs. *Id*. at 105-106. This Court interpreted MCL 600.6419(6) as barring Court of Claims jurisdiction *only* if the circuit court was granted exclusive jurisdiction over the appeal by means of another statute or the constitution. *Id*. at 108. Because the circuit court did not have exclusive jurisdiction over prerogative and remedial writs—it conferred concurrent jurisdiction with this Court and the Michigan Supreme Court— MCL 600.6419(6) did not apply.[5] *Id*. at 106-108.

Here, the same analysis applies. The question turns on whether MCL 205.429(4) confers "exclusive jurisdiction" on the circuit court for matters involving appeals from the Department pursuant to the TPTA. The Court of Claims concluded in each of its opinions and orders that the TPTA does confer exclusive jurisdiction to the circuit court to hear such appeals; we agree. The TPTA states, "If a person is aggrieved by the decision of the department, that person may appeal to the circuit court of the county where the seizure was made to obtain a judicial determination of the lawfulness of the seizure and forfeiture." MCL 205.429(4). Unlike MCL 600.4401(1) in *O'Connell*, the TPTA does not confer concurrent jurisdiction to this Court. The plain and clear language of the statute states that appeals from the Department are to be made to the circuit court—not in addition to an appellate court, to the Court of Claims, or to any other judicial

---

[5] We did note in *O'Connell* that the circuit court had exclusive jurisdiction "over the remaining categories of extraordinary writs." *Id*. at 108.

body.[6] To interpret the statute as defendant suggests, i.e., that appeals under the TPTA must be made to the Court of Claims, would render the jurisdictional provision of the TPTA nugatory, which is an interpretation we must avoid. *O'Connell*, 316 Mich App at 98. We conclude that MCL 600.6419(5) applies, the circuit court has exclusive jurisdiction over plaintiffs' appeals pursuant to the TPTA, and the Court of Claims did not err when it reached the same result.

The Department also argues, as it did below, that plaintiffs are not bringing an appeal at all; rather, plaintiffs have filed original actions with the Court of Claims. Thus, MCL 600.6419(5) does not apply. We disagree.

An appeal from the Department to the circuit court is governed by Chapter 2 of the Michigan Court Rules, *Keweenaw Bay Outfitters v Dep't of Treasury*, 252 Mich App 95, 102; 651 NW2d 138 (2002), and the Department argues that because the parties are entitled to discovery, motion practice, and a trial, this matter is not an "appeal," but rather an original action. As support, the Department asserts that the rules governing appellate procedure, Chapter 7 of the Michigan Court Rules, are not applicable here. However, the Department has provided no authority for the proposition that an appeal is classified based on which court rules apply. In *Keweenaw*, we held that the appeal was governed by Chapter 2, but we continued to refer to the claim as an appeal from an agency decision. Moreover, the TPTA, the CCA, and the RJA do not define "appeal." The Supreme Court has defined "appeal" as "the removal of a matter or cause from an inferior to a superior court for the purpose of reviewing, correcting, or reversing the judgment or sentence of the inferior tribunal," and further stated that, "in its technical and appropriate sense," an appeal is "the taking of a suit or cause and its final determination from one court or jurisdiction after final judgment to another." *In re Mfr Freight Forwarding Co*, 294 Mich 57, 70; 292 NW 678 (1940). *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "appeal" as "a legal proceeding by which a case is brought before a higher court for review of the decision of a lower court." The present action fits any of these definitions. Here, each plaintiff received a "final determination" from an inferior tribunal—defendant's hearing division—and sought review in another tribunal. Further, the TPTA describes an aggrieved litigant seeking an "appeal" from an adverse determination. MCL 205.429(4). Although the

---

[6] Even if the TPTA did not provide jurisdictional guidance, an appeal from an administrative agency may be made pursuant to the Administrative Procedures Act or MCL 600.631, but both also mandate an appeal to the circuit court only. *Teddy 23, LLC*, 313 Mich App at 567-568.

reviewing court will conduct "discovery, motion practice, and trials," *Keweenaw Bay Outfitters*, 252 Mich App at 101-102, in order to resolve the dispute, the procedure does not change the review process into an original action.[7]

Affirmed.

/s/ Jane M. Beckering
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron

---

[7] The Department also claims that because the TPTA does not provide a standard of review upon which the circuit courts can review the Department's decisions, the Legislature intended an action filed with the Court of Claims as a new claim or demand. The Department provided no support for this proposition, and "[t]his Court is not required to search for authority to sustain or reject a position raised by a party without citation to authority." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008).