*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH MCKENZIE,

        Plaintiff-Appellee,

v

DEPARTMENT OF CORRECTIONS, STATE OF
MICHIGAN, and MACOMB CORRECTIONAL
FACILITY WARDEN,

        Defendants-Appellants,

and

RANDALL HAAS,

        Defendant.

FOR PUBLICATION
May 7, 2020
9:00 a.m.

No. 347061
Wayne Circuit Court
LC No. 18-002451-CD

_____

FATIMA OLDEN,

        Plaintiff-Appellee,

v

DEPARTMENT OF CORRECTIONS, STATE OF
MICHIGAN, and MACOMB CORRECTIONAL
FACILITY WARDEN,

        Defendants-Appellants.

No. 347798
Wayne Circuit Court
LC No. 18-001424-CD

_____

Before: STEPHENS, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

-1-

In Docket No. 347061, defendants appeal as of right the trial court's denial of their motion for summary disposition premised upon MCR 2.116(C)(4). In Docket No. 347798, which this Court consolidated with Docket No. 347061, defendants appeal by leave granted the trial court's order denying their motion for summary disposition, also brought pursuant to MCR 2.116(C)(4). *Olden v Department of Corrections*, unpublished order of the Court of Appeals entered April 23, 2019 (Docket No. 347798). We affirm in both cases.

I. FACTS

The facts in both cases are similar and largely undisputed. Plaintiffs, Kenneth McKenzie and Fatima Olden, ("plaintiffs") are long-term employees of the Michigan Department of Corrections (MDOC) as corrections officers at the Macomb Correctional Facility ("the Facility"). In 2015, the Facility began a program where inmates trained dogs to become leader dogs for the blind. The program only took place in certain housing units in the facility. Plaintiffs were both assigned to one of those housing units and thus frequently had to come into contact with dogs. Plaintiffs alleged that they were allergic to dogs and would suffer allergic symptoms whenever they came into close contact with the dogs. Plaintiffs alleged that they informed their supervisors of the allergic reactions and then filed "Disability Accommodation Request and Medical Statements" with the MDOC, requesting that they be placed away from housing units that had dogs.

While the Facility warden allowed plaintiffs to briefly move to different housing units, plaintiffs were ultimately returned to the prior housing units with dogs. The MDOC denied plaintiffs' requests for accommodation and the Facility warden also refused to accommodate their claimed allergies by moving them to any other housing units or positions. Plaintiffs thus each filed a charge of disability discrimination with the Equal Employment Opportunity Commission (EEOC), after which they were allegedly subjected to retaliatory acts at the Facility. The EEOC found probable cause that the MDOC was in violation of the Americans with Disabilities Act (ADA) and proposed conciliation agreements between the MDOC and plaintiffs, but the MDOC refused the terms and plaintiffs' charges were transferred to the Department of Justice (DOJ). The DOJ determined that it would not pursue charges on behalf of either plaintiff and plaintiffs thereafter filed complaints against the Facility warden, the MDOC, and the state of Michigan. In their complaints, plaintiffs alleged violations of the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq.*, retaliation in violation of the same Act, violation of Title I of the ADA, 42 USC § 12101, *et seq.*, by the defendant warden, and violation of section 504 of the Rehabilitation Act, 29 USC § 794, *et seq.*, by the state and the MDOC.

Defendants moved for summary disposition of plaintiffs' claims for violation of Title I of the ADA and violation of the Rehabilitation Act, asserting that plaintiffs' claims of violation of the ADA and violation of the Rehabilitation Act arise under federal law and remedies for those claims may be available in the federal courts. Defendants claimed that no Michigan statute provides the circuit court with jurisdiction over claims arising from the ADA or Rehabilitation Act and that, lacking statutory authority and because the courts lacked jurisdiction for any claim against the state for which there is a remedy available in federal courts, the circuit courts lacked subject matter jurisdiction over plaintiffs' federal claims. The trial courts denied the motions, opining that they had subject matter jurisdiction to hear those claims under the Michigan Constitution and the Revised Judicature Act. These appeals followed.

## II. LAW GOVERNING JURISDICTION

On appeal, defendants assert that because the state retains sovereign immunity from suit in its own courts, waiver of that immunity can be achieved only through the Legislature's consent. They contend that while the Legislature has consented to the state being sued for certain things in the Court of Claims under the Court of Claims Act, it has not authorized the state to be sued in the Court of Claims or any other state court for federal Title I ADA or Rehabilitation Act claims. Defendants acknowledge that while states courts generally have concurrent jurisdiction with federal courts over federal claims, Michigan is without a court of competent jurisdiction to hear ADA and Rehabilitation Act claims. According to defendants, the trial court therefore lacked subject-matter jurisdiction over plaintiffs' federal claims and that summary disposition should thus have been granted in their favor with respect to plaintiffs' ADA and Rehabilitation Act claims. We disagree.

This Court reviews a motion for summary disposition brought pursuant to MCR 2.116(C)(4) de novo. *Weishuhn v Catholic Diocese of Lansing*, 279 Mich App 150, 155; 756 NW2d 483 (2008). A motion pursuant to MCR 2.116(C)(4) tests the trial court's subject-matter jurisdiction. *Braun v Ann Arbor Charter Tp*, 262 Mich App 154, 157; 683 NW2d 755 (2004). "When viewing a motion under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact." *Weishuhn*, 279 Mich App at 155 (citation omitted). We review whether a trial court has subject-matter jurisdiction de novo as a question of law. *Bank v Michigan Ed Ass'n-NEA*, 315 Mich App 496, 499; 892 NW2d 1 (2016). This Court also reviews de novo "questions of statutory construction, with the fundamental goal of giving effect to the intent of the Legislature." *Cheboygan Sportsman Club v Cheboygan Co Prosecuting Attorney*, 307 Mich App 71, 75; 858 NW2d 751 (2014).

The singular issue for our resolution is whether the circuit courts had subject-matter jurisdiction over plaintiffs' ADA and Rehabilitation Act claims. "Subject-matter jurisdiction refers to a court's power to act and authority to hear and determine a case." *Forest Hills Co-operative v Ann Arbor*, 305 Mich App 572, 617; 854 NW2d 172 (2014). Michigan's circuit courts are courts of general jurisdiction and derive their power from the Michigan Constitution. *Okrie v Michigan*, 306 Mich App 445, 467; 857 NW2d 254 (2014). Specifically, Const. 1963, art. 6, § 13 provides:

> The circuit court shall have original jurisdiction in all matters not prohibited by law; appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law; power to issue, hear and determine prerogative and remedial writs; supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the supreme court; and jurisdiction of other cases and matters as provided by rules of the supreme court.

The Revised Judicature Act (RJA) also provides that:

> circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by

statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state. [MCL 600.605]

Thus, a circuit court is presumed to have subject-matter jurisdiction over a civil action *unless* (1) Michigan's Constitution or a statute expressly prohibits it from exercising jurisdiction or, (2) Michigan's Constitution or a statute gives to another court exclusive jurisdiction over the subject matter of the suit. *Prime Time Intl Distrib*, *Inc v Dept of Treasury*, 322 Mich App 46, 52; 910 NW2d 683 (2017). " '[W]here this Court must examine certain statutory language to determine whether the Legislature intended to deprive the circuit court of jurisdiction,' this Court has explained, '[t]he language must leave no doubt that the Legislature intended to deprive the circuit court of jurisdiction of a particular subject matter.' " *Id*., citation omitted.

There is no dispute that claims of ADA and Rehabilitation Act violations arise under federal law. With respect to claims sounding in federal law our Supreme Court has provided guidance concerning the circuit courts' subject-matter jurisdiction:

> It has long been established that, so long as Congress has not provided for exclusive federal-court jurisdiction, state courts may exercise subject-matter jurisdiction over federal-law claims whenever, by their own constitution, they are competent to take it. State courts possess sovereignty concurrent with that of the federal government, subject only to limitations imposed by the Supremacy Clause. Thus, state courts are presumptively competent to assume jurisdiction over a cause of action arising under federal law. If concurrent jurisdiction otherwise exists, subject-matter jurisdiction over a federal-law claim is governed by state law.
>
> In determining whether our state courts enjoy concurrent jurisdiction over a claim brought under federal law, it is necessary to determine whether Congress intended to limit jurisdiction to the federal courts.
>
> In considering the propriety of state-court jurisdiction over any particular federal claim, the Court begins with the presumption that state courts enjoy concurrent jurisdiction. Congress, however, may confine jurisdiction to the federal courts either explicitly or implicitly. Thus, the presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests. [*Office Planning Group, Inc v Baraga-Houghton-Keweenaw Child Dev Bd*, 472 Mich 479, 493-494; 697 NW2d 871 (2005), quotation marks and citations omitted]

Our inquiry, then, is first "whether Congress intended to limit to federal courts exclusive jurisdiction over such a dispute" and, second, "if not, whether state law allows our courts to exercise subject-matter jurisdiction over the action." *Id*. at 494.

## III.  ADA CLAIMS

According to our Supreme Court, federal ADA claims could properly be brought in state courts because state courts enjoy concurrent jurisdiction over such claims. *Peden v City of Detroit*,

470 Mich 195, 201 n. 4; 680 NW2d 857 (2004), quoting *Gulf Offshore Co v Mobil Oil Corp*,453 US 473, 478; 101 S Ct 2870; 69 L Ed 2d 784 (1981). *Peden* noted the same considerations set forth in *Office Planning Group, Inc*, 472 Mich at 493-494. *Peden* also noted that the ADA, at 42 USC § 12202 states:

> A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

By providing that a state is not immune from an action "in Federal *or State court* of competent jurisdiction . . . ." Congress has expressly acknowledged that actions against the state for violation of the ADA could lie in state courts.

However, in *Bd of Trustees of Univ of Alabama v Garrett*, 531 US 356, 364; 121 S Ct 955, 962; 148 L Ed 2d 866 (2001), the United States Supreme Court was called upon to determine whether, in enacting 42 USC § 12202, "Congress acted within its constitutional authority by subjecting the States to suits in federal court for money damages under the ADA." The Supreme Court held that it did not and that "to uphold the [ADA's] application to the States would allow Congress to rewrite the Fourteenth Amendment law laid down by this Court . . . ." *Id*. at 374. The Supreme Court also acknowledged that:

> Our holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex parte Young*, 209 US 123; 28 S Ct 441, 52 L Ed 714 (1908). In addition, state laws protecting the rights of persons with disabilities in employment and other aspects of life provide independent avenues of redress. [*Id*. at 374 n. 9]

Thus, while the Supreme Court determined that states' sovereign immunity from suit could not be abrogated by 42 USC 12202, suits by private individuals for injunctive relief against individual state officials in their official capacities could still be pursued in state courts. See, *Ex parte Young*, 209 US 123; 28 S Ct 441; 52 L Ed 714 (1908). And, *Bd of Trustees of Univ of Alabama* held only that states' sovereign immunity from suit for *money damages* could not be abrogated by 42 USC § 12202. Thus, 42 USC § 12202's abrogation of sovereign immunity with respect to injunctive claims brought against state officials in their official capacities under the ADA is still sound.

Applying the test set forth in *Office Planning Group, Inc*, 472 Mich at 494, we find that Congress did not intend to give federal courts exclusive jurisdiction over plaintiffs' ADA claims which were brought against the warden, a state official, in his official capacity under the ADA and

which seek declaratory and injunctive relief. Such claims are pursuable in state courts according to *Bd of Trustees of Univ of Alabama*, 531 US at 374 n. 9. Moreover, there is no explicit or implicit indication that Congress affirmatively divested state courts of their presumptively concurrent jurisdiction over such claims. Our next inquiry, then, under *Office Planning Group, Inc*, 472 Mich at 494 is whether state law allows our courts to exercise subject-matter jurisdiction over plaintiffs' ADA claims.

As previously indicated, Const. 1963, art. 6, § 13 provides that circuit courts "have original jurisdiction in all matters not prohibited by law." Defendants argue, however, that pursuant to *Greenfield Const Co Inc v Michigan Dept of State Highways*, 402 Mich 172, 193; 261 NW2d 718 (1978), is has long been recognized that a state cannot be sued without its consent granted through a legislative enactment and, that because neither the Court of Claims or the circuit court is statutorily granted the jurisdiction to hear and decide federal claims against the state or its' actors, the ADA and Rehabilitation Act claims must be dismissed for lack of subject-matter jurisdiction. Indeed, Michigan courts have long recognized that the state, as sovereign, is immune from suit save as it consents to be sued, because the state created the courts and thus is not subject to them; any relinquishment of sovereign immunity must be strictly interpreted in favor of the sovereign. *Co Rd Ass'n of Michigan v Governor*, 287 Mich App 95, 118; 782 NW2d 784 (2010). "Essentially, the state can only waive its immunity and, consequently, consent to be sued through an act of the Legislature or through the constitution." *Id*. at 119.

Relevant to the instant matter, the state has waived its immunity and subjected itself to the authority of courts via the Court of Claims Act, MCL 600.6401, *et seq*. The Court of Claims Act thus serves as one exception to the general jurisdiction of circuit courts when it is given exclusive jurisdiction.[1] The act provides, in relevant part, at MCL 600.6419(1):

> Except as provided in sections 6421 and 6440, the jurisdiction of the court of claims, as conferred upon it by this chapter, is exclusive. . . . Except as otherwise provided in this section, the court has the following power and jurisdiction:
>
> (a) To hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its d0epartments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court.

Notably, MCL 600.6419(1)(a) vests the Court of Claims with exclusive jurisdiction to "hear and determine any claim or demand . . . against the state or any of its departments or officers." Employing the word "any" in this phrase according to its plain and ordinary meaning (see, e.g., *People v Kloosterman*, 296 Mich App 636, 639; 823 NW2d 134 (2012), "any" signifies "every" and is used to indicate no restriction. See, Merriam-Webster's Collegiate Dictionary (11th ed.).

---

[1] Because the jurisdiction of the Court of Claims is not constitutionally created, but is instead constitutionally permitted and derives its power from the Legislature in Michigan statutory law, the Court of Claims does not have extensive and inherent powers akin to those of a constitutional court of general jurisdiction. *Okrie*, 306 Mich App at 456; *Prime Time Intl Distrib*, 322 Mich App at 53, quotation marks omitted.

MCL 600.6419(1)(a) further provides that the exclusive jurisdiction applies "notwithstanding another law that confers jurisdiction of the case in the circuit court." The word "notwithstanding" is defined as "despite; in spite of." Black's Law Dictionary, 11th ed. Thus, strictly construing the plain language in the statute relinquishing sovereign immunity from suit (*Greenfield Const Co Inc*, 402 Mich at 197), the exclusive jurisdiction of the Court of Claims applies to every claim against the state, its departments, and its officers, despite any other law that confers jurisdiction of the case to the circuit court.

However, we cannot ignore that prior to setting forth the above, the Court of Claims Act, at MCL 600.6419, *begins* by stating "Except as provided in sections 6421 and 6440, the jurisdiction of the court of claims . . . is exclusive." Thus, at the outset, the Court of Claims Act sets forth two exceptions to the statement which provides it with exclusive jurisdiction over actions against the state, its departments and officers: MCL 600.6421 and MCL 600.6440.

MCL 600.6421 provides, in relevant part:

(1) Nothing in this chapter eliminates or creates any right a party may have to a trial by jury, including any right that existed before November 12, 2013. Nothing in this chapter deprives the circuit, district, or probate court of jurisdiction to hear and determine a claim for which there is a right to a trial by jury as otherwise provided by law, including a claim against an individual employee of this state for which there is a right to a trial by jury as otherwise provided by law. Except as otherwise provided in this section, if a party has the right to a trial by jury and asserts that right as required by law, the claim may be heard and determined by a circuit, district, or probate court in the appropriate venue.

(2) For declaratory or equitable relief or a demand for extraordinary writ sought by a party within the jurisdiction of the court of claims described in section 6419(1) and arising out of the same transaction or series of transactions with a matter asserted for which a party has the right to a trial by jury under subsection (1), unless joined as provided in subsection (3), the court of claims shall retain exclusive jurisdiction over the matter of declaratory or equitable relief or a demand for extraordinary writ until a final judgment has been entered, and the matter asserted for which a party has the right to a trial by jury under subsection (1) shall be stayed until final judgment on the matter of declaratory or equitable relief or a demand for extraordinary writ.

Thus, the first exception dictates that the Court of Claims has jurisdiction over claims brought against the state, its departments, or its officers *except* where a party has the right to a trial by jury and asserts that right as required by law. In that case, "the claim may be heard and determined by a circuit, district, or probate court in the appropriate venue." MCL 600.6421(1).

Plaintiffs' ADA claims are brought under Title 1. Title 1 is provided for in subchapter 1 of the ADA, at 42 USC § 12112 as follows:

(a) General rule

No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

(b) Construction

As used in subsection (a), the term "discriminate against a qualified individual on the basis of disability" includes--

(1) limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;

\*\*\*

(3) utilizing standards, criteria, or methods of administration--

(A) that have the effect of discrimination on the basis of disability; or

(B) that perpetuate the discrimination of others who are subject to common administrative control;

(4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association;

(5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant . . . .

This subchapter, like all of the subchapters in the ADA, contains its own remedies and enforcement provisions. 42 USC § 12117, setting forth the "powers, remedies and procedures" applicable to Title I states:

(a) The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.

Plaintiffs do not claim that any referenced section in the above provides a right to a jury trial for a claim of violation of Title 1 of the ADA where injunctive and declaratory relief is requested. Plaintiffs also fail to direct this Court to any authority suggesting a right to a jury trial in these circumstances. Thus, unless the second exception set forth in the Court of Claims Act at MCL 600.6419 applies, their ADA claims would be subject to the exclusive jurisdiction of the Court of Claims.

MCL 600.6440, states:

No claimant may be permitted to file claim in said court against the state nor any department, commission, board, institution, arm or agency thereof who has an adequate remedy upon his claim in the federal courts, but it is not necessary in the complaint filed to allege that claimant has no such adequate remedy, but that fact may be put in issue by the answer or motion filed by the state or the department, commission, board, institution, arm or agency thereof.

A review of the plain statutory language requires an interpretation that if a claimant has an adequate remedy upon his claims in the federal court, he *cannot* file the claim in the Court of Claims. All parties essentially agree that the above interpretation is correct. However, defendants contend that the statute also necessarily dictates that if a claimant has an adequate remedy in the federal court he must file the claim *in the federal court*, whereas plaintiffs contend that the circuit court's concurrent jurisdiction applies. We agree with plaintiffs.

While MCL 600.6440 precludes the filing of a claim in the Court of Claims if an adequate remedy in the federal courts exist, it does not explicitly preclude the concurrent jurisdiction of the circuit courts over such claims. Significantly, the statute provides that "[n]o claimant may be permitted to file claim in *said* court . . ." (emphasis added). "Said" is defined as "aforementioned." Merriam-Webster's Collegiate Dictionary (11th ed.). Because the Court of Claims Act governs the Court of Claims, the aforementioned and thus "said" court referred to in MCL 600.6440 is the Court of Claims. As a result, MCL 600.6440 directs only that if an adequate remedy is available in the federal courts, the claims cannot be filed, specifically, in the Court of Claims. Defendants more expansive reading of this statute to then require that such actions are limited to the federal courts is incorrect. Divesting the Court of Claims of jurisdiction does not divest the circuit court of any jurisdiction it may already have. And, our Supreme Court has directed that state courts are presumed to have concurrent jurisdiction with federal courts over federal claims, with that presumption being rebutted *only* when "*Congress* intended to limit jurisdiction to the federal courts." *Office Planning Group, Inc*, 472 Mich at 493 (emphasis added). "*Congress* . . . may confine jurisdiction to the federal courts either explicitly or implicitly" through "explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests." *Office Planning Group, Inc*, 472 Mich at 493-494 (emphasis added). There has been no contention or showing that Congress intended to limit jurisdiction over the specific type of ADA claims asserted by plaintiffs to the federal courts. Thus, the presumption of concurrent jurisdiction over such claims stands, and plaintiffs' Title 1 ADA claims against the state officer warden in his official capacity and seeking injunctive and declaratory relief may be heard in the circuit court. As a result, the trial courts properly denied defendants' motions for summary disposition premised upon lack of subject-matter jurisdiction over plaintiffs' ADA claims.

## IV.  REHABILITATION ACT CLAIMS

Defendants contend that the trial courts erred in denying their motions for summary disposition concerning plaintiffs' claims of violations of § 504 the Rehabilitation Act, 29 USC § 794.  Defendants, however, dedicate very little argument to plaintiffs' Rehabilitation Act claims.  Assuming that defendants intend the same arguments concerning sovereign immunity to apply to plaintiffs' Rehabilitation Act claims, we note that the Supreme Court has directed that Congress may, in the exercise of its spending power, condition its grant of funds to the states upon their taking certain actions that Congress could not require them to take, and require that the acceptance of these funds be conditioned upon a constructive waiver of its sovereign immunity.  *Coll Sav Bank v Florida Prepaid Postsecondary Ed Expense Bd*, 527 US 666, 686; 119 S Ct 2219; 144 L Ed 2d 605 (1999).  Consistent with this holding and relevant to the instant matter, 42 USC § 2000d-7 states:

> (a) General provision
>
> (1) A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

Thus, Congress has clearly and explicitly directed that a state does not enjoy sovereign immunity from suits for violation of section 504 of the Rehabilitation Act—claims that were asserted by plaintiffs.

We note that 42 USC § 2000d-7 states that states are not immune from "a suit in Federal court" for a violation of section 504 of the Rehabilitation Act.  This may, at first blush, lead to a conclusion that claims alleging violations of that section of the Rehabilitation Act must be brought in a federal court.  But,

> the States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause. Under this system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States. [*Burt v Titlow*, 571 US 12, 19; 134 S Ct 10; 187 L Ed 2d 348 (2013)]

Moreover, in cases "arising under federal law" "there is a deeply rooted presumption in favor of concurrent state court jurisdiction, rebuttable if Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim."  *Mims v Arrow Fin Services, LLC*, 565 US 368, 378; 132 S Ct 740; 181 L Ed 2d 881 (2012) (internal quotation marks and citation omitted).  And, "the grant of jurisdiction to one court does not, of itself, imply that the jurisdiction is to be exclusive."  *Id.* at 380, quoting *United States v Bank of New York & Trust Co*, 296 US 463, 479; 56 S Ct 343; 80 L Ed 331 (1936).

In *Mims*, the Supreme Court noted that the Telephone Consumer Protection Act, 47 USC § 227, permits a private person to seek redress for violations of the act or regulations "in an appropriate court of [a] State," "if [such an action is] otherwise permitted by the laws or rules of court of [that] State." *Id*. at 380, quoting 47 USC § 227(b)(3). The *Mims* Court determined that while the statute at issue provided state courts with jurisdiction, it did not do so *exclusively* through use of the word "only" or "exclusively" before "State court" in the statute. *Id*. Thus, the *Mims* Court opined that the original jurisdiction of federal courts over federal questions, set forth in 28 USC § 1331, still applied and that the state forum mentioned in 47 USC § 227(b)(3) was optional, but not mandatory. *Id*. at 381.

The same holds true here. Had Congress intended that plaintiffs' specific Rehabilitation Act claims be brought *exclusively* in the federal court, it was well aware how to do so. For example, 47 USC § 227(g)(2) (Supp 2011) provides "exclusive jurisdiction over [such] actions" in "[t]he district courts of the United States." See, *Mims*, 565 US at 380. And, "[s]ection 227(g)(2)'s exclusivity prescription reinforce[s] the conclusion that [47 USC § 227(b) (3)'s] silence . . . leaves the jurisdictional grant of § 1331 untouched. *Id*. at 380-381.

Here, 42 USC § 2000d-7 explicitly states that states are not immune from "a suit in Federal court" for a violation of section 504 of the Rehabilitation Act. That provision leaves intact the original jurisdiction of federal courts over federal questions set forth in 28 USC § 1331. When read in conjunction with the exception set forth in the Court of Claims Act at MCL 600.6440 (directing that no claim may be filed against the state, its departments, or employees in the Court of Claims when an adequate remedy upon his claim exists in the federal courts), the presumption of concurrent jurisdiction with the circuit courts is also left intact. And, since "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States" *Burt*, 571 US at 19, the circuit court's concurrent jurisdiction applies. The circuit courts thus did not err in denying defendants' motions for summary disposition of plaintiffs' Rehabilitation Act claims based on lack of subject-matter jurisdiction.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto


Stephens, P.J., did not participate because of her assignment to the Michigan Court of Claims.